UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
———————————————————————————

MEGAN A. ROGERS,

                              Plaintiff,

                                                              5:22-cv-994
v.                                                            (BKS/TWD)

RYAN MCMAHON, et al.,

                              Defendants.

———————————————————————————

APPEARANCES:

MEGAN A. ROGERS
Plaintiff, *pro se*
229 Duane Street
Syracuse, NY 13207

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## ORDER AND REPORT-RECOMMENDATION

The Clerk has sent this *pro se* Complaint together with an application to proceed *in forma pauperis* ("IFP Application") and a motion for the appointment of counsel filed by Megan A. Rogers ("Plaintiff") to the Court for review.  (*See* Dkt. Nos. 1, 2, 3.)  Having reviewed Plaintiff's IFP Application, the undersigned GRANTS the application for purposes of this review.  (*See* Dkt. No. 2.)  Plaintiff's motion for the appointment of counsel is DENIED for failure to contact attorneys in an effort to obtain counsel.  (Dkt. No. 3.) The undersigned now considers the sufficiency of the allegations set forth in the Complaint under 28 U.S.C. § 1915(e).  For the reasons discussed below, the undersigned recommends that the Court DISMISS Plaintiff's Complaint in its entirety with leave to amend.  (Dkt. No. 1.)

## I.    BACKGROUND

On September 21, 2022, Plaintiff commenced this action against Ryan McMahon in his capacity as the Onondaga County Executive, City Planning, and the Onondaga County Aquarium. (*See* Dkt. No 1.) Plaintiff's Complaint consists of three different form complaints, which purport to assert actions under: (1) *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971); (2) 42 U.S.C. § 1983; and (3) the Age Discrimination in Employment Act, 29 U.S.C. § 626(c)(1). *See id.*

This is the sixth action Plaintiff has filed with this Court in recent years. *See Rogers v. Benedict, et al.*, Case No. 5:22-cv-801-MAD-TWD (N.D.N.Y. 2022), Dkt. No. 7 (recommending that the Court dismiss Plaintiff's Complaint in its entirety for failure to state a claim and for asserting frivolous claims); *Rogers v. U.S. Dep't of the Treasury*, No. 5:21-CV-1351, 2022 WL 3226349, at *1 (N.D.N.Y. Aug. 10, 2022) (dismissing complaint without leave to amend as frivolous); *Rogers v. Pfizer et al.*, Case No. 5:21-cv-176-GLS-TWD (N.D.N.Y 2021), Dkt. No. 16 (dismissing complaint without leave to amend for failure to state a claim); *Rogers v. CPS*, No. 5:20-CV-0075 (LEK) (ATB), 2020 WL 2059824, at *4 (N.D.N.Y. Apr. 29, 2020) (dismissing several claims with prejudice, one claim without prejudice and leave to amend, and terminating several defendants); *Rogers v. Clinton*, No. 5:19-CV-175 (LEK) (ATB), 2019 WL 3454099, at *1 (N.D.N.Y. July 31, 2019) (dismissing compliant without leave to amend for lack of subject matter jurisdiction); *see also Rogers v. U.S. Dep't of the Treasury*, No. 5:21-CV-1351 (DNH) (ML), 2022 WL 899771, at *6 (N.D.N.Y. Mar. 28, 2022), *report and recommendation adopted*, 2022 WL 1184585 (N.D.N.Y. Apr. 21, 2022) (cautioning Plaintiff "that her unwarranted litigiousness is bordering on vexatiousness," and if she continues to "file meritless submissions, she will be directed to show cause as to why the Court should not issue an Order barring her

from future filings without prior leave of the Court"); *Rogers v. Child Protective Servs.,* No. 20-1725, 2020 WL 7040960, at *1 (2d Cir. Sept. 23, 2020) (dismissing appeal because it lacked an arguable basis in either law or fact); *Rogers v. Clinton*, No. 19-2632, 2019 WL 6218814, at *1 (2d Cir. Oct. 30, 2019) (same).

Similar to the other actions initiated by Plaintiff in this Court, "[t]he 'facts' of this action are stated in a cursory and random manner in various parts of the complaint, and there are few full sentences." *Rogers v. Clinton*, No. 5:19-CV-175 (LEK) (ATB), 2019 WL 3469462, at *2 (N.D.N.Y. Apr. 1, 2019), *report and recommendation adopted*, 2019 WL 3454099 (N.D.N.Y. July 31, 2019). Through the first of her three form complaints, purportedly asserted under *Bivens*, Plaintiff names "Ryan McMahon/City Planning" as defendants. (*See* Dkt. No. 1 at 1.) In support of her *Bivens* complaint, Plaintiff advances no factual allegations. *See id.* at 1-3. Rather, she provides the following information:

"FIRST CAUSE OF ACTION

85 Million

SECOND CAUSE OF ACTION

100 Million

THIRD CAUSE OF ACTION

140 Million"

(*See* Dkt. No. 1 at 2.)

Through the second of her three form complaints, purportedly asserted under 42 U.S.C. § 1983, Plaintiff appears to name as a defendant Ryan McMahon in his official capacity as the Onondaga County Executive. *See id.* at 4. In support of her Section 1983 complaint, Plaintiff asserts no facts and lists no causes of action. *See id.* at 4-5.

Through the third and final form complaint, purportedly asserted under the Age Discrimination in Employment Act ("ADEA"), Plaintiff names as defendants "Ryan McMahon/City Planning" and the Onondaga County Aquarium.  *See id.* at 7.  Plaintiff claims these defendants failed to promote her, subjected her to unequal terms and conditions of employment, retaliated against her, and stole bonds.  *See id.*  Plaintiff offers the following information in support of her ADEA complaint:

"Stolen Bonds

17 C – Tax Gum [sic]

Charitable deposits to government and community

When and where did I sign this?

'Open Network'"

*See id.* at 8.  Plaintiff advances no specific or enumerated causes of action in support of her ADEA complaint.  *See id.* at 6-10.

The final six pages of Plaintiff's Complaint include a document titled "Additional Information," three typed pages, and two pages of a document titled "Adult & Continuing Education Courses Outline."  *See id.* at 11-16.

## II.    STANDARD OF REVIEW

This Court must conduct an initial review of complaints filed *in forma pauperis*.  28 U.S.C. § 1915(e)(2)(B).  When conducting this review, "the court shall dismiss the case at any time if the court determines . . . the action . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted."  28 U.S.C. §§ 1915(e)(2)(B)(i), (ii); *see also Allen v.*

*Stringer*, No. 20-3953, 2021 WL 4472667, at *1 (2d Cir. Sept. 30, 2021).[1]  The Court must

accordingly construe *pro se* pleadings with the utmost leniency.  *See Haines v. Kerner*, 404 U.S.

519, 520-21 (1972) (holding that a *pro se* litigant's complaint is to be held "to less stringent

standards than formal pleadings drafted by lawyers"); *see also Sealed Plaintiff v. Sealed*

*Defendant*, 537 F.3d 185, 191 (2d Cir. 2008).

      "An action is frivolous when either: (1) the factual contentions are clearly baseless such

as when the claims are the product of delusion or fantasy; or (2) the claim is based on an

indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437

(2d Cir. 1998).  "A claim is based on an indisputably meritless legal theory when either the claim

lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the

complaint." *Id.*

      To survive dismissal for failure to state a claim, a complaint must contain a short and

plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).

This short and plain statement of the claim must be "plausible on its face." *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The statement of the

claim must do more than present "an unadorned, the-defendant-harmed-me accusation." *Id.*  It

must "give the defendant fair notice of what the claim is and the grounds upon which it rests."

*Twombly*, 550 U.S. at 555; *see also* Fed. R. Civ. P. 8(a)(2).

---

[1] Unless otherwise indicated, in quoting cases, all alterations, internal quotation marks, emphases, footnotes, and citations are omitted.  *See, e.g.*, *Sczepanski v. Saul*, 946 F.3d 152, 157 n.4 (2d Cir. 2020).

In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

## III.    SUFFICIENCY OF THE COMPLAINT

Construing Plaintiff's entire Complaint liberally, *Sealed Plaintiff*, 537 F.3d at 191, the undersigned concludes she has failed to state a claim for relief. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Moreover, many of Plaintiff's claims appear to be frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). The undersigned accordingly recommends that the Court dismiss Plaintiff's Complaint in its entirety with leave to amend.

First, Plaintiff has failed to state a claim for relief. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff has failed to adequately set forth sufficient factual content to allow this Court to reasonably infer that any of the Defendants are liable for the conduct alleged. *See Iqbal*, 556 U.S. at 678. She has failed to set forth a short and plain statement stating who did what to her, whey they did it, and how she was injured. *See id.*; *see also* Fed. R. Civ. P. 8(a)(2). Absent these basic details, Plaintiff's Complaint has failed to give Defendants fair notice of what her claims are and the grounds upon which they rest. *See Twombly*, 550 U.S. at 555; *see also* Fed. R. Civ. P. 8(a)(2). Accepting the facts alleged in Plaintiff's entire Complaint as true and construing all reasonable inferences in her favor, *Hernandez*, 18 F.3d at 136, the Court is left with "an unadorned, the-defendant-harmed-me accusation." *See Iqbal*, 556 U.S. at 678. The

undersigned accordingly recommends that the Court dismiss Plaintiff's Complaint for failure to state a claim.  *See id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(ii).

Second, Plaintiff failed to state causes of action in conjunction with her Section 1983 and ADEA form complaints.  (*See* Dkt. No. 1 at 4-10.)  Plaintiff's second form complaint, apparently asserting a Section 1983 claim, only names Ryan McMahon as a defendant in his official capacity as the Onondaga County Executive.  *See id.* at 4.  It advances no factual allegations, and names no causes of action.  *See id.* at 4-5.  Similarly, Plaintiff's third form complaint, apparently asserting an ADEA claim, advances no specific or enumerated cause of action against Defendants.  *See id.* at 10-13.  Rather, it names "Ryan McMahon/City Planning" and the Onondaga County Aquarium as defendants and claims they engaged in various conduct, including stealing bonds.  *See id.* at 7.  Plaintiff has accordingly failed to state a claim for relief through her second and third form complaints.  *See* Fed. R. Civ. P. 12(b)(6); *see also* 28 U.S.C. § 1915(e)(2)(B)(ii).  The undersigned recommends the Court dismiss Plaintiff's second and third form complaints for failure to state a claim.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Third, Plaintiff's *Bivens* and Section 1983 claims are frivolous.  *See* 28 U.S.C. § 1915(e)(2)(B)(i).  Plaintiff advances no allegation that any of the Defendants are federal or state actors.  (*See* Dkt. No. 1.)  "To state a claim under § 1983, a plaintiff must allege that defendants violated plaintiff's federal rights while acting under color of state law."  *O'Donoghue v. United States Soc. Sec. Admin.*, 828 F. App'x 784, 787 (2d Cir. 2020).  Similarly, "to state a *Bivens* claim, a plaintiff must allege that he has been deprived of a constitutional right by a federal agent acting under color of federal authority and must allege that the individual defendant was personally involved in the constitutional violation."  *Id.*  Plaintiff has failed to allege any of the Defendants deprived her of federal or constitutional rights while acting under color of state or

federal authority.  (*See* Dkt. No. 1.)  This dispositive defense appears on the face of Plaintiff's

Complaint.  *See id.*  Plaintiff's *Bivens* and Section 1983 claims are accordingly frivolous.  *See*

*Livingston,* 141 F.3d at 437 ("A claim is based on an indisputably meritless legal theory when

either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face

of the complaint.").  The undersigned recommends that the Court dismiss Plaintiff's *Bivens* and

Section 1983 claims on the grounds that they are frivolous.  *See* 28 U.S.C. § 1915(e)(2)(B)(i).

        In sum, Plaintiff has failed to adequately state a claim for relief, and her *Bivens* and

Section 1983 claims are frivolous.  (*See* Dkt. No. 1; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii).)

Because this appears to be the sixth meritless action Plaintiff has initiated in this Court, the

undersigned recommends that the Court consider imposing a bar Order under 28 U.S.C.

§ 1651(a).  *See Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) ("If a litigant has a history

of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including

restrictions on future access to the judicial system."); *see, e.g.*, *Rogers*, 2022 WL 899771, at *6

(cautioning Plaintiff she may be subject to a future bar Order if she continued to file meritless

actions).

## IV.    CONCLUSION

        For the foregoing reasons, the undersigned recommends that the Court dismiss Plaintiff's

Complaint in its entirety with leave to amend, and consider imposing a bar Order under 28

U.S.C. § 1651(a).  (Dkt. No. 1.)  Plaintiff's IFP Application is GRANTED for purposes of this

review.  (Dkt. No. 2.)  Plaintiff's motion for the appointment of counsel is DENIED.  (Dkt. No.

3.)

        **ACCORDINGLY**, it is hereby

**ORDERED** that Plaintiff's IFP Application (Dkt. No. 2) is **GRANTED** solely for purposes of initial review; and it is further

**ORDERED** that Plaintiff's motion for the appointment of counsel (Dkt. No. 3) is **DENIED**; and it is further

**ORDERED** that the Clerk provide Plaintiff with a copy of this Order and Report-Recommendation, along with copies of the unpublished decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam); and it is further

**RECOMMENDED** that Plaintiff's Complaint (Dkt. No. 1) be **DISMISSED WITH LEAVE TO AMEND** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[2]  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72, 6(a).

Dated: October 4, 2022
      Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge

---

[2] If you are proceeding *pro se* and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order and Report-Recommendation was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. 6(a)(1)(C).

2022 WL 3226349
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Megan A. ROGERS, Plaintiff,

v.

U.S. DEPARTMENT OF THE
TREASURY et al., Defendants.

5:21-CV-1351
|
Signed August 10, 2022

**Attorneys and Law Firms**

MEGAN A. ROGERS, Plaintiff, Pro Se, 229 Duane Street,
Syracuse, NY 13207.

## ORDER ON REPORT & RECOMMENDATION

DAVID N. HURD, United States District Judge

**\*1** On December 17, 2021, *pro se* plaintiff Megan A. Rogers
("plaintiff") filed this civil action alleging that defendants
violated her rights under, *inter alia*, Title VII of the Civil
Rights Act of 1964, 42 U.S.C. § 1983, the Americans with
Disabilities Act, the Age Discrimination in Employment Act,
and the implied cause of action set forth in *Bivens v. Six
Unknown Named Agent of the Federal Bureau of Narcotics*,
403 U.S. 388 (1971). Dkt. No. 1. Along with her complaint,
plaintiff filed motions (1) for leave to proceed *in forma
pauperis* ("IFP Application") and (2) to appoint counsel. Dkt.
Nos. 3,4.

On March 28, 2022, U.S. Magistrate Judge Miroslav Lovric
granted plaintiff's IFP Application, denied without prejudice
her motion to appoint counsel, and advised by Report
& Recommendation ("R&R") that plaintiff's complaint be
dismissed with leave to replead. Dkt. No. 5. That R&R was
adopted over plaintiff's objections on April 21, 2022. Dkt. No.
8. Thereafter, plaintiff filed an amended complaint. Dkt. No.
9.

On July 13, 2022, Judge Lovric advised by R&R that
plaintiff's amended complaint be dismissed without leave to
amend as frivolous. Dkt. No. 11. As Judge Lovric explained,
plaintiff's amended complaint remains "incoherent," leaves
the reader "unable to meaningfully analyze whether, and to
what extent, Plaintiff has pleaded any colorable claim," and
"places an unjustified burden on the Court and, ultimately, on
Defendants." *Id.*

Plaintiff has not filed objections, and the time period in which
to do so has expired. *See* Dkt. No. 11. Upon review for clear
error, the R&R will be accepted and adopted in all respects.
*See* FED. R. CIV. P. 72(b).

Therefore, it is

ORDERED that

   1. The Report & Recommendation is ACCEPTED; and

   2. Plaintiff's complaint is DISMISSED without leave to
     amend.

IT IS SO ORDERED.

**All Citations**

Slip Copy, 2022 WL 3226349

End of Document                    © 2022 Thomson Reuters. No claim to original U.S. Government Works.

Rogers v. CPS, Not Reported in Fed. Supp. (2020)

2020 WL 2059824

2020 WL 2059824
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Megan ROGERS, Plaintiff,
v.
CPS, et al., Defendants.

5:20-CV-0075 (LEK/ATB)
|
Signed 04/29/2020

**Attorneys and Law Firms**

Megan Rogers, Syracuse, NY, pro se.

**DECISION AND ORDER**

Lawrence E. Kahn, U.S. District Judge

## I. INTRODUCTION

 **\*1** Pro se plaintiff Megan Rogers has brought this civil rights action in forma pauperis ("IFP") against "CPS"[1] of Onandaga County (the "County"), Andrea Levandowski, who is an employee of CPS, and "Social Worker, Dep't of State." Dkt. Nos. 1 ("Complaint") at 1; 2 ("IFP Application"). On February 6, 2020, the Honorable Andrew T. Baxter, United States Magistrate Judge, reviewed the Complaint under 28 U.S.C. § 1915(e)(2)(B) and issued a report-recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3. Dkt No. 5 ("Report-Recommendation"). Finding that amendment would be futile since Plaintiff's Complaint is a "frivolous" "jumble of thoughts that fail to make any sense," he recommended that the Court dismiss the Complaint with prejudice. R. & R. at 11.

[1]     The Court construes "CPS" to refer to "Child Protective Services," a county agency.

On February 18, 2020, Plaintiff filed objections to the Report-Recommendation. Dkt. No. 6 ("Objections").

For the reasons that follow, the Court adopts the Report-Recommendation in part and modifies it in part.

## II. STANDARDS OF REVIEW

### A. Report-Recommendation

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If objections are timely filed, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). However, if no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07 (N.D.N.Y. 2008), abrogated on other grounds by Widomski v. State Univ. of N.Y. at Orange, 748 F.3d 471 (2d Cir. 2014). "A [district] judge ... may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b).

### B. Section 1915(e)(2)(B)

When a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that — ... the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B).[2] Thus, even if a plaintiff meets the financial criteria to commence an action IFP, it is the court's responsibility to determine whether the plaintiff may properly maintain a complaint. See id.

[2]     An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

A court may not dismiss a complaint if the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). Although the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly,

550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 678 (citing Twombly, 550 U.S. at 555). Hence, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. Id. (internal quotation marks and alterations omitted).

**\*2** The Court must construe pro se complaints liberally, see Nance v. Kelly, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution ... in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." Anderson v. Coughlin, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original) (internal citations omitted).

### III. DISCUSSION

Plaintiff's Objections make no direct argument about Judge Baxter's findings and instead provides an assortment of random statements. Objs. at 1–3. For instance, Plaintiff asserts that "Queen Elizabeth wants to cut her head off," a "bottle of baby powder was thrown in [Plaintiff's] yard," and some unidentified individuals found "a barn w[ith] bones" after conducting a search warrant. Id. Thus, the Court reviews the Report-Recommendation for clear error. See Rogers v. Clinton, No. 19-CV-175, 2019 WL 3454099, at \*1 (N.D.N.Y. July 31, 2019) (Kahn, J.) (observing that clear error review is warranted when the objections do not directly address the magistrate judge's findings), appeal dismissed by No. 19-2632, 2019 WL 6218814 (2d Cir. Oct. 30, 2019). While it finds none, the Court will modify Judge Baxter's recommendation that the Court dismiss Plaintiff's Complaint with prejudice.

Giving Plaintiff's Complaint an extremely liberal interpretation, which the Court may do since Plaintiff is litigating this action pro se, see Guan v. New York State Dep't of Envtl. Conservation, No. 16-CV-2180, 2019 WL 1284260, at \*4 (E.D.N.Y. Mar. 20, 2019), Plaintiff claims that CPS and Levandowski violated her constitutional rights under 42 U.S.C. § 1983. [3] [4]

3　As the Magistrate Judge observed, "There is no such person as 'Social Worker, Dep't of State,' and thus, the [C]ourt will focus on CPS and Andrea Levandowski as defendants." See R. & R. at 8.

4　"42 U.S.C. § 1983 provides a civil claim for damages against any person who, acting under color of state law, deprives another of a right, privilege or immunity secured by the Constitution or the laws of the United States." Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). Section 1983 does not create any substantive rights; it provides civil litigants a procedure to redress the deprivation of rights established elsewhere. Id. (citing City of Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985)). "To prevail on a § 1983 claim, a plaintiff must establish that a person acting under the color of state law deprived h[er] of a federal right." Id.

Even though, as Judge Baxter found, Plaintiff's Complaint does not include allegations, let alone plausible ones, which suggest CPS or Levandowski deprived Plaintiff of any constitutional rights, R. & R. at 8–11, the Court observes that Plaintiff included allegations in her objections suggesting that CPS and Levandowski caused Plaintiff to lose custody of her children in violation of Plaintiff's due-process rights. First, Plaintiff alleges that CPS and Levandowski took her children from her because they found Plaintiff "conceited, arrogant, [and] argumentative." Objs. at 2. She also avers they took her children despite the fact that Plaintiff "work[ed] [her] ... ass off," attended "[four] programs a week in order to document [she] was a responsible parent," "passed drug testing," and passed a mental health evaluation. Id. at 1.

**\*3** "Although the Court need not consider new allegations raised in [Plaintiff's] objections to [the Report-Recommendation]," see Sanders v. Long Island Newsday, No. 09-CV-2393, 2010 WL 3419659, at \*3 n.2 (E.D.N.Y. Aug. 27, 2010) (citations omitted), the Court will analyze whether Plaintiff has plausibly pled due-process claims against CPS and Levandowski.

As an initial matter, Plaintiff cannot sue CPS because it is an administrative arm of Onandaga County. See Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002) ("[U]nder New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and therefore, cannot sue or be sued."); Lukes v. Nassau Cnty. Jail, No. 12-CV-1139, 2012 WL 1965663, at \*2 (E.D.N.Y.

Rogers v. CPS, Not Reported in Fed. Supp. (2020)

2020 WL 2059824

Case 5:22-cv-00994-BKS-TWD    Document 5    Filed 10/04/22    Page 13 of 38

May 29, 2012) (dismissing claims against Nassau County Jail because it "is an administrative arm of Nassau County, without a legal identity separate and apart from the County").

Nevertheless, in deference to Plaintiff's pro se status, the Court considers whether Plaintiff has stated constitutional claims against the County, who is the real party in interest. See Solis v. Cnty. of Westchester, No. 94-CV-5102, 1995 WL 14072, at *1 (S.D.N.Y. Jan. 10, 1995) (noting that a county agency is not a suable entity and that the county is the real party in interest); N.Y. County Law § 51 ("Actions or proceedings by or against a county shall be in the name of the county.").

It is well-established that a municipality [5] may not be held liable under § 1983 on the basis of respondeat superior. Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 690–91 (1978). Rather, municipalities are responsible only for "their own illegal acts." Pembaur v. Cincinnati, 475 U.S. 469, 479 (1986). In order to sustain a § 1983 claim for municipal liability, a plaintiff must show that he suffered a constitutional violation and that the violation resulted from an identified municipal policy or custom. Monell, 436 U.S. at 694–95. A municipal policy or custom may be established where the facts show: (1) a formal policy, officially promulgated by the municipality, id. at 690; (2) an action taken by an official who is responsible for establishing municipal policies with respect to the subject matter in question, Pembaur, 475 U.S. at 483–84; (3) an unlawful practice by subordinate officials so permanent and widespread as to practically have the force of law, City of St. Louis v. Praprotnik, 485 U.S. 112, 127–30 (1985); or (4) a failure to train, supervise, or discipline that amounts to "deliberate indifference" to the rights of those with whom the municipality's employees interact, City of Canton, Ohio v. Harris, 489 U.S. 378, 388 (1989).

[5]    The principles of municipal liability also apply to counties. Holmes v. Cty. of Montgomery, No. 19-CV-617, 2020 WL 1188026, at *6 n.5 (N.D.N.Y. Mar. 12, 2020) (Kahn, J.) (citing Hill v. Cty. of Montgomery, No. 14-CV-933, 2019 WL 5842822, at *17 (N.D.N.Y. Nov. 7, 2019)).

As to Plaintiff's potential claim against Levandowski, it is well-settled that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (quoting Moffitt v. Town of

Brookfield, 950 F.2d 880, 885 (2d Cir. 1991)). "[A] Section 1983 plaintiff must 'allege a tangible connection between the acts of the defendant and the injuries suffered.' " Austin v. Pappas, No. 04-CV-7263, 2008 WL 857528, at *2 (S.D.N.Y. Mar. 31, 2008) (quoting Bass v. Jackson, 790 F.2d 260, 263 (2d Cir. 1986)) (other citation omitted). "[V]icarious liability is inapplicable to ...§ 1983 suits." Iqbal, 556 U.S. at 676.

 *4   Taken together, Plaintiff's allegations in the Complaint and her Objections are insufficient to suggest that the County had some policy or custom that violated Plaintiff's due-process rights. Nor are they sufficient to suggest that Levandowski was personally involved in any deprivation of Plaintiff's due-process rights. Consequently, the Court concludes Plaintiff has not plausibly pled these defendants violated her rights. Nevertheless, because Plaintiff's objections contain new allegations not found in the original Complaint, the Court will provide Plaintiff with an opportunity to file an amended complaint. See Sanders, 2010 WL 3419659, at *3 n.2 (allowing a pro se plaintiff to replead claims that the magistrate judge concluded should be dismissed with prejudice because the plaintiff made new allegations supporting those claims in his objections to the magistrate judge's report-recommendation).

If Plaintiff wishes to amend her Complaint, she must file an amended complaint that complies with Federal Rule of Civil Procedure Rule 15. Any amended complaint, which shall supersede and replace the original Complaint in its entirety, must allege claims of misconduct or wrongdoing against each named defendant that Plaintiff has a legal right to pursue and over which this Court may properly exercise jurisdiction. Any amended complaint must also be signed by Plaintiff and comply with the pleading requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure.

### IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 5) is **MODIFIED** to the extent that it recommends dismissal of Plaintiff's claims with prejudice. The Report-Recommendation is otherwise **APPROVED and ADOPTED**; and it is further

**ORDERED**, that Plaintiff's § 1983 claim against CPS is **DISMISSED with prejudice** as CPS is an entity not subject to suit; and it is further

Rogers v. CPS, Not Reported in Fed. Supp. (2020)
Case 5:22-cv-00994-BKS-TWD    Document 5    Filed 10/04/22    Page 14 of 38
2020 WL 2059824

**ORDERED**, that Plaintiff's § 1983 claims against the County, Levandowski, and "Social Worker, Dep't of State" are **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted; and it is further

**ORDERED**, that CPS, the County, Levandowski, and "Social Worker, Dep't of State" are **TERMINATED** as defendants in this action; and it is further

**ORDERED**, that if Plaintiff wishes to proceed with this action, she must file an amended complaint as directed above within **sixty days** of filing date of this Decision and Order; and it is further

**ORDERED**, that if Plaintiff timely files an amended complaint, this matter be returned to the Court for further review; and it is further

**ORDERED**, that if Plaintiff fails to timely file an amended complaint as directed above, the Clerk shall enter judgment without further order of this Court indicating that this action is **DISMISSED without prejudice pursuant** to 28 U.S.C. §§ 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. In that event, the Clerk is directed to close this case; and it is further

**ORDERED**, that all pleadings, motions, and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. **Any paper sent by Plaintiff to the Clerk must be accompanied by a certificate showing that a true and correct copy of same was served on all opposing parties or their counsel. Any document received by the Clerk that does not include a proper certificate of service will be stricken from the docket.** Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions. All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court. **Plaintiff is also required to promptly notify, in writing, the Clerk's Office and all parties or their counsel of any change in Plaintiff's address; her failure to do so may result in the dismissal of this action**; and it is further

 **\*5 ORDERED**, that the Clerk serve a copy of this Decision and Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

**All Citations**

Not Reported in Fed. Supp., 2020 WL 2059824

---

**End of Document**

© 2022 Thomson Reuters. No claim to original U.S. Government Works.

Rogers v. Clinton, Not Reported in Fed. Supp. (2019)

2019 WL 3454099

2019 WL 3454099
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Megan ROGERS, Plaintiff,

v.

Hillary Rodham CLINTON, Defendant.

5:19-CV-175 (LEK/ATB)
|
Signed 07/31/2019

**Attorneys and Law Firms**

Megan Rogers, Syracuse, NY, pro se.

## DECISION AND ORDER

Lawrence E. Kahn, U.S. District Judge

### I. INTRODUCTION

**\*1** Pro se plaintiff Megan Rogers brings this civil rights complaint against Hillary Rodham Clinton. Dkt. No. 1 ("Complaint"). On April 1, 2019, the Honorable Andrew T. Baxter, U.S. Magistrate Judge, reviewed the Complaint under 28 U.S.C. § 1915(e)(2)(B) and issued a Report-Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3, Dkt. No. 7 ("Report-Recommendation"), to which Plaintiff objected on April 11, 2019. Dkt. No. 8 ("Objection"). Judge Baxter recommends that the court dismiss the claims for lack of subject matter jurisdiction, without leave to amend. R & R at 13–14. The Court agrees.

### II. LEGAL STANDARD

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If objections are timely filed, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." § 636(b). However, if no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at \*1 (N.D.N.Y.

Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07, 306 n.2 (N.D.N.Y. 2008), abrogated on other grounds by Widomski v. State Univ. of N.Y. at Orange, 748 F.3d 471 (2d Cir. 2014). "Even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal." Machicote v. Ercole, No. 06-CV-13320, 2011 WL 3809920, at \*2 (S.D.N.Y. Aug. 25, 2011) "A [district] judge ... may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b).

### III. DISCUSSION

To the extent that Plaintiff's April 8, 2019 filing can be construed as an objection, it makes no direct argument about the Magistrate's findings, instead providing a more detailed narrative of Plaintiff's claims. Obj. at 1–3. Thus, the Court reviews the Report-Recommendation for clear error. Machicote, 2011 WL 3809920, at \*2. It finds none.

Further, even if the Court construed Plaintiff's filing as an amended complaint based on its expanded explanation of her claims, the additional details do not remedy the lack of subject matter jurisdiction. Though more detailed and organized than her initial Complaint, it remains difficult to discern Plaintiff's claims. She appears to insinuate that Defendant committed a "hate crime" against Plaintiff by causing her to lose custody of three of her children. Obj. at 1–2. Plaintiff references Defendant's involvement with the Adoption and Safe Families Act signed by President Bill Clinton in 1997, but does not provide any further explanation for the link between Defendant and her loss of custody. Id. Rather, Plaintiff's allegations leap from mentions of 9/11, the death of Nancy Shaefer, "Pizzagate," and Benghazi in a manner that is exceedingly difficult to follow. Id. These disjointed allegations do not plausibly allege an injury "fairly traceable to the challenged action" or "likely redressable by a favorable decision" as is required to establish standing. Ross v. Bank of America., 524 F.3d 217, 222 (2d Cir. 2008). Thus, to the extent Plaintiff's Objection could be construed as an amended complaint, it would also be dismissed for lack of subject matter jurisdiction.

### IV. CONCLUSION

**\*2** Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 7) is **APPROVED and ADOPTED in its entirety**, and it is further

**ORDERED**, that the Complaint is **DISMISSED for lack of subject matter jurisdiction, without leave to amend**; and it is further

**ORDERED**, that the Clerk of the Court is directed to close this action; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order on Plaintiffs in accordance with the Local Rules.

**IT IS SO ORDERED.**

**All Citations**

Not Reported in Fed. Supp., 2019 WL 3454099

---

**End of Document** © 2022 Thomson Reuters. No claim to original U.S. Government Works.

 © 2022 Thomson Reuters. No claim to original U.S. Government Works.

2022 WL 899771
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Megan A. ROGERS; Jebo; Hubert
Rogers; and Pfrier, Plaintiffs,
v.
U.S. DEPT OF THE TREASURY; U.S. Dep't of
Treasury – IRS; Marcus Rogers; Jesse Have; Jaylan
Belle; Amira Shenadlh; Kiaru Alturnet; Hillary Clinton;
Rogers Family; NYS Federal Courthouse; Syracuse
Police/Courts; Misha Montreal, Private Investigator;
St. Joseph's Indian School; J. Roget Champagne; John
Bliss; Dancks; and Lee Chapel, Landmark, Defendants.

5:21-CV-1351 (DNH/ML)
|
Signed 03/28/2022

**Attorneys and Law Firms**

MEGAN A. ROGERS, Plaintiff, Pro Se, 229 Duane Street,
Syracuse, New York 13207.

## ORDER and REPORT-RECOMMENDATION

MIROSLAV LOVRIC, United States Magistrate Judge

 **\*1** The Clerk has sent this *pro se* complaint together with
an application to proceed *in forma pauperis* and motion
for appointment of counsel filed by Megan A. Rogers
("Plaintiff") to the Court for review. (Dkt. Nos. 1, 2, 4.) For
the reasons discussed below, I (1) grant Plaintiff's *in forma
pauperis* application (Dkt. No. 2), (2) deny Plaintiff's motion
for appointment of counsel (Dkt. No. 4), and (3) recommend
that Plaintiff's Complaint (Dkt. No. 1) be dismissed in its
entirety with leave to amend.


## I. BACKGROUND

On December 17, 2021, Plaintiff [1] commenced this action by
filing a *pro se* Complaint against defendants U.S. Department
of the Treasury, U.S. Department of Treasury – IRS, Marcus
Rogers, Jesse Have, Jaylan Belle, Amira Shenadlh, Kiaru
Alturnet, Hillary Clinton, Rogers Family, NYS Federal
Courthouse, Syracuse Police/Courts, Misha Montreal, St.
Joseph's Indian School, J. Roget Champagne, John Bliss,

Dancks, and Lee Chapel (collectively "Defendants"). [2] (Dkt.
No. 1.)

[1]     Plaintiff, who is not an attorney, cannot represent
other plaintiffs. Although parties have a statutory
right to "plead and conduct their own cases," 28
U.S.C. § 1654, unlicensed laypersons may not
"represent anyone else other than themselves."
*Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir.
2007) (internal quotation marks omitted); *see also*
*Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010) ("A
person who has not been admitted to the practice
of law may not represent anybody other than
himself."). The Complaint names four plaintiffs
—Megan A. Rogers, Jebo, Hubert Rogers, and
Pfrier. (*See generally* Dkt. No. 1.) However, the
Complaint and IFP application are signed solely
by Plaintiff. (*Id.*; Dkt. No. 2.) Accordingly, I
reviewed this action with Megan A. Rogers as the
sole plaintiff. *See Yerushalayim v. Liecthung*, 19-
CV-4101, 2019 WL 3817125, at \*2 (E.D.N.Y. Aug.
13, 2019) (reviewing the action as brought by sole
plaintiff, Ben-Siyon Ish Yerushalayim, because
he was the only signatory on the complaint and
IFP application and as, an unlicensed layperson,
was incapable of representing the other named
plaintiffs).

[2]     The Court notes that Plaintiff previously initiated
a civil rights action in this district against Hillary
Rodham Clinton in civil case number 5:19-
CV-0175 (LEK/ATB) ("*Roger I*"), which was
dismissed for lack of subject matter jurisdiction.
(*Roger I*, Dkt. No. 10.) In addition, Plaintiff
initiated a civil rights action in this district against
"CPS," "Andrea Levandowski," and "Social
Worker" in civil case number 5:20-CV-0075 (LEK/
ATB) ("*Roger II*"), which was dismissed as
frivolous and for failure to state a claim. (*Roger II*,
Dkt. No. 7.) Ms. Levandowski's name is mentioned
numerous times in the Complaint currently before
the Court. Further, Plaintiff initiated a personal
injury action in this district against Pfizer, Cuomo/
Fauci/CDC, Biotech, and Cuomo in civil case
number 5:21-CV-0176 (GLS/TWD) ("*Roger III*"),
which was dismissed for failure to state a claim.
(*Roger III*, Dkt. No. 16.)

 **\*2** The Complaint consists of five different form complaints,
which purport to assert actions (1) arising under Title VII of

the Civil Rights Act, as amended; (2) arising under 42 U.S.C. § 1983; (3) arising under the Americans with Disabilities Act; (4) for employment discrimination based on age; and (5) pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (*See generally* Dkt. No. 1.)

The Complaint is a series of incomplete sentences that are largely indecipherable and devoid of factual assertions. (*Id.*)

## II. PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*

"When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $402, must ordinarily be paid. 28 U.S.C. § 1914(a). A court is authorized, however, to permit a litigant to proceed *in forma pauperis* status if a party "is unable to pay" the standard fee for commencing an action. 28 U.S.C. § 1915(a)(1). [3] After reviewing Plaintiff's *in forma pauperis* application (Dkt. No. 2), the Court finds that Plaintiff meets this standard. Therefore, Plaintiff's application to proceed *in forma pauperis* is granted. [4]

[3]     The language of that section is ambiguous because it suggests an intent to limit availability of *in forma pauperis* status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). The courts have construed that section, however, as making *in forma pauperis* status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

[4]     Plaintiff is reminded that, although her application to proceed *in forma pauperis* has been granted, she is still required to pay fees that she may incur in this action, including copying and/or witness fees.

## III. LEGAL STANDARD FOR REVIEW OF THE COMPLAINT

Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party or parties have been served and have had an opportunity to respond, the court still has a responsibility to determine

that a claim is not frivolous before permitting a plaintiff to proceed. 28 U.S.C. § 1915(e); *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam); *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983); *see, e.g., Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity ... occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." *Aguilar v. United States*, 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory ... or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory for purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

**\*3** When reviewing a complaint under section 1915(e), the court is guided by applicable requirements of the Federal Rules of Civil Procedure. More specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 [2007]). "Determining whether a complaint states a plausible claim for relief ... requires the ... court to draw on its judicial experience and common sense.... [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citation and punctuation omitted).

"In reviewing a complaint ... the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause

of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## IV. ANALYSIS

In addressing the sufficiency of a plaintiff's complaint, the court must construe her pleadings liberally. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Having reviewed Plaintiff's Complaint with this principle in mind, I recommend that all causes of action be dismissed.

Plaintiff's Complaint is comprised of twenty-one pages of incoherent text written on every form-complaint from the Clerk's office. (*See generally*, Dkt. No. 1.)

By way of example, in the facts portion of Plaintiff's Complaint, Plaintiff alleges as follows:

   *St. Joseph's Indian School

   Rogers Island

   ...

   J. Roget Champagne

   - Abandoned mansion in Pennsylvania

   - Plainville, Massachuttes

(Dkt. No. 1 at 5 [errors in original].) In addition, Plaintiff alleges:

   John Bliss

   John Bliss – Turtle Street

   Mean!!!! Do not date

      the neighbor

   "Your car is not safe.

      Where you live now."

(Dkt. No. 1 at 9 [errors in original].) Further, Plaintiff alleges that the facts surrounding her claim of discrimination are:

   #1 – June 17th, 2017

   Nicole + Great

   Emperor Jerry Sidie

   #2 – Ms. Taylor – Home HeadQuarters

   # Evelyn

   # Poisoning – twice!

   # Antiquities – Juba's gold – 1982

(Dkt. No. 1 at 11 [errors in original].) Plaintiff also alleges that:

   There is a Buddah in Syracuse

   Is it's name Violet?

   Lee Chapel

   Landmark

(Dkt. No. 1 at 13 [errors in original].) As a first cause of action, Plaintiff alleges "[t]he new Mazda ASAP!!!" (Dkt. No. 1 at 15.) As a second cause of action, Plaintiff alleges "Neighborhood." (*Id.*) As a third cause of action, Plaintiff alleges "Badge." (*Id.*)

Attached to the Complaint are nine exhibits including letters that are also largely indecipherable and appear unrelated. (*See generally* Dkt. No. 1, Attachs. 1-9.) Among the Complaint's exhibits are several forms from the website www.nolo.com including documents titled "Demand Letter," "Declaration of Legal Name Change," "Property Worksheet," and "Notice of Revocation of Power of Attorney." (Dkt. No. 1, Attach. 4; Dkt. No. 1, Attach. 6.) One of the exhibits is dated May 8, 2021, titled "Amend[ed] Report" and states:

> First thing I thought was Bat Spray. Bat killer. Found zinc in pest control. With recent disaster of the Wildfires. I thought animals flew west. These animals carry diseases. Bats have caused plague-like viruses for centuries.

   **\*4**  (Dkt. No. 1, Attach. 2 at 1.)

As the Complaint is currently drafted, the Court is unable to meaningfully analyze, whether, and to what extent, Plaintiff has pleaded any colorable claim against Defendants. (*See generally* Dkt. No. 1.) Plaintiff's Complaint places

an unjustified burden on the Court and, ultimately, on Defendants " 'to select the relevant material from a mass of verbiage.' " *Salahuddin v. Cuomo*, 861 F.2d 40, 41-42 (2d Cir. 1988) (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1281, at 365 (1969)).

As a result, I recommend the Complaint be dismissed as frivolous. *See, e.g., Gillick v. Shields*, 18-CV-0486, 2018 WL 2926299 (N.D.N.Y. Apr. 30, 2018) (Peebles, M.J.), *report and recommendation adopted by* 2018 WL 2926302, at *3 (N.D.N.Y. Jun. 8, 2018) (D'Agostino, J.); *Canning v. Hofmann*, 15-CV-0493, 2015 WL 6690170, at *5 (N.D.N.Y. Nov. 2, 2015) (Hurd, J.) ("Under these circumstances, having found that none of the allegations in Plaintiff's meandering and indecipherable Complaint raise a cognizable cause of action, the Court concludes that the Complaint fails to state a claim upon which relief may be granted and is subject to dismissal."); *see also Salahuddin*, 861 F.2d at 42 ("Dismissal [for failure to comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure] ... is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.").

## V. OPPORTUNITY TO AMEND

Generally, a court should not dismiss claims contained in a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, ... it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.). [5]

___

[5]     *See also Carris v. First Student, Inc.*, 132 F. Supp. 3d 321, 340-41 n.1 (N.D.N.Y. 2015) (Suddaby,

C.J.) (explaining that the standard set forth in *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999)—that the Court should grant leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would be successful in stating a claim"—is likely not an accurate recitation of the governing law after *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)), *rev'd on other grounds*, 682 F. App'x 30.

**\*5** In this case, it is not clear whether better pleading would permit Plaintiff to assert a cognizable cause of action against Defendants. Out of deference to Plaintiff's *pro se* status, however, I recommend that Plaintiff be granted leave to amend the Complaint.

If Plaintiff chooses to avail herself of an opportunity to amend, such amended pleading must set forth a short and plain statement of the facts on which she relies to support any legal claims asserted. Fed. R. Civ. P. 8(a). In addition, the amended complaint must include allegations reflecting how the individuals named as Defendants are involved in the allegedly unlawful activity. Finally, Plaintiff is informed that any such amended complaint will replace the existing Complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the Court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (internal quotation marks omitted)).

## VI. PLAINTIFF'S MOTION TO APPOINT COUNSEL

Plaintiff has also submitted a request for appointment of counsel. (Dkt. No. 4.)

As an initial matter, "[a] party has no constitutionally guaranteed right to the assistance of counsel in a civil case." *Leftridge v. Connecticut State Trooper Officer No. 1283*, 640 F.3d 62, 68 (2d Cir. 2011) (citations omitted). Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Instead, a number of factors must be carefully considered by the court in ruling upon such a motion. As a threshold matter, the court should ascertain whether the indigent's claims seem likely to be of substance. A motion for appointment of counsel may be properly denied if the court concludes that the plaintiff's

Case 5:22-cv-00994-BKS-TWD    Document 5    Filed 10/04/22    Page 21 of 38
Rogers v. U.S. Dep't of the Treasury, Slip Copy (2022)
2022 WL 899771

"chances of success are highly dubious." *Leftridge*, 640 F.3d at 69. If the court finds that the claims have substance, the court should then consider:

> [T]he indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in th[e] case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp.*, 28 F.3d at 1341 (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986)). This is not to say that all, or indeed any, of these factors are controlling in a particular case. Rather, each case must be decided on its own facts. *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Hodge*, 802 F.2d at 61).

In the present matter, the Court has recommended dismissal of the action. As such, the Court cannot find that Plaintiff's claims are likely to be of substance. Plaintiff's motion (Dkt. No. 4) is therefore denied.

Plaintiff is cautioned that continued frivolous filings may result in the imposition of sanctions, including limitations on her ability to file without prior permission of the Court. *See Ajamian v. Nimeh*, 14-CV-0320, 2014 WL 6078425, at *3 (N.D.N.Y. Nov. 13, 2014) (Suddaby, J.) ("[A] federal district court may impose reasonable filing restrictions on a *pro se* litigant in that particular court, pursuant to 28 U.S.C. § 1651(a) and its inherent authority to control and manage its own docket so as to prevent abuse in its proceedings."); *see also In re Sassower*, 20 F.3d 42, 44 (2d Cir. 1994) (where a *pro se* plaintiff has demonstrated a "clear pattern of abusing the litigation process by filing vexatious and frivolous complaints," a "leave to file" requirement may be instituted by the court as an appropriate sanction).

**\*6** "The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard." *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998). The Second Circuit has identified several factors that should be considered in determining whether to restrict a litigant's future access to the court:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Iwachiw v. New York State Dep't of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005).

While the Court is aware that Plaintiff is proceeding *pro se*, she has litigation experience.[6] Plaintiff's filings have presented a burden on the Court. Plaintiff is cautioned that her unwarranted litigiousness is bordering on vexatiousness. Should she continue to file meritless submissions, she will be directed to show cause as to why the Court should not issue an Order barring her from future filings without prior leave of the Court, pursuant to 28 U.S.C. § 1651(a) and the Court's inherent authority to control and manage its own docket so as to prevent abuse in its proceedings.

[6]      *See, supra*, note 2.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's motion for appointment of counsel (Dkt. No. 4) is **DENIED** without prejudice; and it is further respectfully

**RECOMMENDED** that the Court **DISMISS WITH LEAVE TO REPLEAD** Plaintiff's Complaint (Dkt. No. 1); and it is further

2022 WL 899771

**ORDERED** that the Clerk of the Court shall file a copy of this order, report, and recommendation on the docket of this case and serve a copy upon the parties in accordance with the local rules. [7]

---

[7]    The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. [8] Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v.*

*Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)).

[8]    If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

**All Citations**

Slip Copy, 2022 WL 899771

---

End of Document    © 2022 Thomson Reuters. No claim to original U.S. Government Works.

2022 WL 1184585
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Megan A. ROGERS, Jebo, Hubert
Robers, and Pfrier, Plaintiffs,

v.

U.S. DEPARTMENT OF THE TREASURY, U.S.
Department of Treasury – IRS, Marcus Rogers,
Jesse Have, Jaylan Belle, Amira Shenadlh, Kiaru
Alturnet, Hillary Clinton, Rogers Family, NYS
Federal Courthouse, Syracuse Police / Courts,
Misha Montreal, Private Investigator, St. Joseph's
Indian School, J. Roget Champagne, John Bliss,
Dancks, and Lee Chapel, Landmark, Defendants.

5:21-CV-1351
|
Signed 04/21/2022

**Attorneys and Law Firms**

MEGAN A. ROGERS, Plaintiff, Pro Se, 229 Duane Street,
Syracuse, NY 13207.

**ORDER ON REPORT & RECOMMENDATION**

DAVID N. HURD, United States District Judge

**\*1**  On December 17, 2021, *pro se* plaintiff[1] Megan
A. Rogers ("plaintiff") filed this civil action alleging that
defendants violated her rights under, *inter alia*, Title VII of
the Civil Rights Act of 1964, 42 U.S.C. § 1983, the Americans
with Disabilities Act, the Age Discrimination in Employment
Act, and the implied cause of action set forth in *Bivens v. Six
Unknown Named Agents of the Federal Bureau of Narcotics*,
403 U.S. 388 (1971). Dkt. No. 1. Along with her complaint,
plaintiff filed motions (1) for leave to proceed *in forma
pauperis* ("IFP Application") and (2) to appoint counsel. Dkt.
Nos. 3, 4.

[1]    The pleadings name additional plaintiffs, but is
signed only by Megan A. Rogers. Because Rogers
is not an attorney, she cannot represent others in
federal court. *See, e.g.*, 28 U.S.C. § 1654.

On March 28, 2022, U.S. Magistrate Judge Miroslav Lovric
granted plaintiff's IFP Application, denied her motion to
appoint counsel without prejudice, and advised by Report
& Recommendation ("R&R") that plaintiff's complaint be
dismissed with leave to replead. Dkt. No. 5. As Judge Lovric
explained, in its current form plaintiff's pleading and exhibits
left the Court "unable to meaningfully analyze whether, and to
what extent, Plaintiff has pleaded any colorable claim against
Defendants." *Id.*

Plaintiff has filed objections. Dkt. No. 7. Upon *de novo* review
of the portions to which plaintiff has objected, the R&R will
be accepted and adopted in all respects. 28 U.S.C. § 636(b)
(1)(C).

Therefore, it is

ORDERED that

1. The Report & Recommendation is ACCEPTED;

2. Plaintiff's complaint is DISMISSED with leave to replead;

3. Plaintiff shall have thirty days from the date of this
Order in which to amend her pleading in accordance
with the instructions set forth in Judge Lovric's Report &
Recommendation and this Order; and

4. If plaintiff does not file an amended complaint within this
thirty-day period, the Clerk of the Court shall enter a judgment
accordingly and close the file without further Order of this
Court.

IT IS SO ORDERED.

**All Citations**

Slip Copy, 2022 WL 1184585

---

**End of Document**                    © 2022 Thomson Reuters. No claim to original U.S. Government Works.

Rogers v. Child Protective Services, Not Reported in Fed. Rptr. (2020)

2020 WL 7040960

2020 WL 7040960
Only the Westlaw citation is currently available.
United States Court of Appeals, Second Circuit.

Megan ROGERS, Plaintiff-Appellant,

v.

CHILD PROTECTIVE SERVICES,
et al., Defendants-Appellees.

20-1725
|
September 23, 2020

N.D.New York, 20-cv-75, Kahn, J., Baxter, M.J.

**Attorneys and Law Firms**

Megan Rogers, Syracuse, NY, pro se.

Present: Guido Calabresi, Robert A. Katzmann, Susan L. Carney, Circuit Judges.

**Opinion**

**\*1** Appellant, pro se, moves for leave to proceed in forma pauperis, for 8 million dollars, and for other relief. Upon due consideration, it is hereby ORDERED that the motions are DENIED and the appeal is DISMISSED because it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *see also* 28 U.S.C. § 1915(e).

**All Citations**

Not Reported in Fed. Rptr., 2020 WL 7040960

**End of Document**

© 2022 Thomson Reuters. No claim to original U.S. Government Works.

Rogers v. Clinton, Not Reported in Fed. Rptr. (2019)

2019 WL 6218814

2019 WL 6218814
Only the Westlaw citation is currently available.
United States Court of Appeals, Second Circuit.

Megan ROGERS, Plaintiff-Appellant,

v.

Hillary Rodham CLINTON, Defendant-Appellee.

19-2632
|
October 30, 2019

N.D. New York, 19-cv-175, Kahn, J., Baxter, M.J.

**Attorneys and Law Firms**

Megan Rogers, Syracuse, NY, pro se.

Present: José A. Cabranes, Reena Raggi, Circuit Judges,
Edward R. Korman, [*] District Judge.

[*]    Judge Edward R. Korman, of the United States
District Court for the Eastern District of New York,
sitting by designation.

**Opinion**

**\*1**  Appellant, pro se, moves for leave to proceed in forma
pauperis and for "settlement." Upon due consideration, it is
hereby ORDERED that the motion is DENIED and the appeal
is DISMISSED because it "lacks an arguable basis either in
law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989);
*see also* 28 U.S.C. § 1915(e).

**All Citations**

Not Reported in Fed. Rptr., 2019 WL 6218814

---

End of Document

© 2022 Thomson Reuters. No claim to original U.S. Government Works.

Rogers v. Clinton, Not Reported in Fed. Supp. (2019)

2019 WL 3469462

2019 WL 3469462
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Megan ROGERS, Plaintiff,

v.

Hillary Rodham CLINTON, Defendant.

5:19-CV-175 (LEK/ATB)
|
Signed 04/01/2019

**Attorneys and Law Firms**

MEGAN ROGERS, Plaintiff, pro se.

**ORDER and REPORT-RECOMMENDATION**

ANDREW T. BAXTER, United States Magistrate Judge

**\*1** The Clerk has sent to the Court a civil rights complaint filed by pro se plaintiff Megan Rogers. (Dkt. No. 1) Plaintiff Rogers has also filed an application to proceed in forma pauperis ("IFP") (Dkt. No. 2). On February 19, 2019, this court determined that plaintiff's application to proceed IFP was incomplete and directed plaintiff to provide the court with the additional information. (Dkt. No. 4). On February 26, 2019, plaintiff filed a properly completed IFP application (Dkt. No. 5), and the court may now conduct an initial review of the plaintiff's complaint.

**I. IFP Application**
A review of plaintiff's IFP application shows that she declares she is unable to pay the filing fee. (Dkt. No. 5). The court agrees and finds that plaintiff is financially eligible to proceed IFP.

In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. Neitzke, 490 U.S. at 327; Harkins v. Eldridge, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward pro se litigants, and must use extreme caution in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. Fitzgerald v. First East Seventh St. Tenants Corp., 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint sua sponte even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Bell Atl. Corp., 550 U.S. at 555). The court will now turn to a consideration of the plaintiff's complaint under the above standards.

**II. Complaint**
Plaintiff has combined two form complaints in which she sues defendant Hilary Rodham Clinton. (Complaint ("Compl.")) (Dkt. No. 1). The first is filed on a form reserved for cases brought pursuant to 42 U.S.C. § 1983. (Compl. at 1-6). [1] The second part of the complaint appears to be written on pages taken from two different forms, one of which is used for civil rights actions brought pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 430 U.S. 388 (1971) and the second contains language referring to employment discrimination actions under Title VII, 42 U.S.C. § 2000e. (Compl. 7 (Bivens), 8) (Title VII, 9-11 (Bivens)).

[1]     The court will cite to the page numbers of the complaint as assigned by the court's electronic filing system, CM/ECF.

**\*2** The "facts" of this action are stated in a cursory and random manner in various parts of the complaint, and there are few full sentences. In the fact section of the first form complaint, plaintiff states that in "1998? - Reported hate crime was ignored." (Compl. at 2). Plaintiff then states that

Rogers v. Clinton, Not Reported in Fed. Supp. (2019)

Case 5:22-cv-00994-BKS-TWD    Document 5    Filed 10/04/22    Page 27 of 38

2019 WL 3469462

in 2007, another "hate crime" occurred, but was ignored. (*Id.*) Plaintiff states that she is of "german palatine royalty, and this has put our homeland security in danger!!" (*Id.*) She concludes the fact section by writing "<u>Black fund - Black Eagle</u>." (*Id.*) (underlining in original). In the "Causes of Action" section of the complaint, plaintiff's first cause of action is: "Emails," "36 page Appeal," and "Black Eagle." (Compl. at 4). Plaintiff's second cause of action is: "wrote Hillary Clinton Foundation," "U.S. Department of Security," "FBI," "local police etc." (*Id.*) The third cause of action simply says: "Court." (*Id.*) In the "Prayer for Relief" page, which is attached before the "Causes of Action" page, plaintiff asks for 80 million dollars and "my parental rights." (Compl. at 3). Nothing is handwritten on the next page,[2] and the following page contains another "Prayer for Relief," asking for "American Fund in 80 Million." (Compl. at 5)

[2]    The form is completely blank.

The next page of plaintiff's complaint is the first page of a form-*Bivens* action. There is nothing written in the caption of the complaint. Across the top of the page, plaintiff has written "Narcotics," and further down, plaintiff has written the word - "Brief." (Compl. at 7). The next page includes two "Causes of Action," beginning with the "Second Cause of Action" - "Funding. Safe Home" and "Egyptian jewelry." (Compl. at 8). The "Third Cause of Action" is "Death to CPS." (*Id.*)

The next page purports to be "Facts" again and states that "Hate crime is a federal crime committed by certain individuals prejudice [sic] against religion, freedom of life," "Slander CPS," and "Domestic Terrorism - She stole my fund." (Compl. at 9). Under the next set of "Causes of Action," plaintiff has written: "80 million." (*Id.*) The next page contains more "Causes of Action" - the first is "80 Million," "Established for life." (Compl. at 10). The second cause of action is "Safe Home" and "Trust Fund," and the third cause of action is "Jail" and "Prison." (*Id.*) The last page contains plaintiff's signature and another "Prayer for Relief" of "80 Million heiress." (Compl. at 11).

## III. Subject Matter Jurisdiction

### A. Legal Standards
Federal courts are courts of limited jurisdiction, and before deciding any case on the merits, the court must determine that it has subject matter jurisdiction over the matter. *Humphrey v. Syracuse Police Dep't*, No. 17-3921, ––– F. App'x –––,

2019 WL 1239881, at *1 (2d Cir. Mar. 18, 2019). In order for the court to have subject matter jurisdiction over the action, the plaintiff must have standing to sue. *Id.* "Standing is essentially an inquiry into whether a plaintiff is the proper party to invoke the jurisdiction of the federal courts." *Mehdi v. United States Postal Svc.*, 988 F. Supp. 721, 730 (S.D.N.Y. 1997) (citing *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). Standing is a threshold question in every federal case that implicates the court's jurisdiction. *Griffin v. Doe*, 71 F. Supp. 3d 306, 316 (N.D.N.Y. 2014) (citing *Cohan v. Movtady*, 751 F. Supp. 2d 436, 439 (E.D.N.Y. 2010)) (quoting *Ross v. Bank of America*, 524 F.3d 217, 222 (2d Cir. 2008)). Thus, the court may raise the standing issue sua sponte. *Id.* (citing *Central States Southeast and Southwest Areas Health and Welfare Fund v. Merck–Medco Managed Care, LLP*, 433 F.3d 181, 198 (2d Cir. 2005) (citations omitted)).

In order to establish constitutional standing, the plaintiff must demonstrate that (1) she has suffered an injury in fact that is distinct and palpable; (2) the injury is "fairly traceable" to the challenged action; and (3) the injury is redressable by the removal of the defendant's conduct. *Id.* (citing *Ross v. Bank of America*, 524 F.3d at 222). Plaintiff must allege facts that affirmatively and plausibly suggest that she has standing to sue. *Janfeshan v. United States Customs and Border Protection*, No. 16-CV-6915, 2017 WL 3972461, at *4 (E.D.N.Y. Aug. 21, 2017) (quoting *Amidax Trading Grp. v. SWIFT SCRL*, 671 F.3d 140, 145 (2d Cir. 2011)).

### B. Application
**\*3** The plaintiff in this action has alleged no injury to herself that is "distinct and palpable" and either traceable to the defendant's actions or "redressable by the removal of the defendant's conduct." Plaintiff makes conclusory statements that in 1998 and in 2007 "a reported hate crime was ignored." (Compl. at 2). Plaintiff also claims that she is of German Palatine Royalty, and that "this"[3] has put "our"[4] homeland security in danger. Plaintiff has not alleged that any of these actions were taken by Hillary Clinton, and has not alleged how plaintiff was injured by any of these actions. Plaintiff's allegations are so vague and conclusory, that the court cannot determine what she is trying to allege.[5] The same is true for the rest of the plaintiff's conclusory statements: "emails, 36 page appeal, Black Eagle." (Compl. at 4). Plaintiff does state that she wrote to the Hillary Clinton Foundation, in addition to various other entities and organizations, but plaintiff does not state the content of her letter or that Hillary Clinton even saw plaintiff's letter.

Rogers v. Clinton, Not Reported in Fed. Supp. (2019)
Case 5:22-cv-00994-BKS-TWD    Document 5    Filed 10/04/22    Page 28 of 38
2019 WL 3469462

Plaintiff's allegations are all stream of consciousness words that may mean something to her, but are incomprehensible for purposes of maintaining a federal action against this defendant.

3    It is unclear what "this" is.

4    It is unclear to whose homeland she is referring.

5    The court also notes, but will not reach the issue, that there would be some serious statute of limitations problems with any actions that occurred either in 1998 or in 2007 with respect to a civil rights action brought under section 1983 or *Bivens*. Federal courts borrow the state law personal injury statute of limitations period for purposes of filing section 1983 actions. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985). In New York State, the relevant limitations period is three years. *Owens v. Okure*, 488 U.S. 235, 250-51 (1989). See N.Y. Civ. Prac. L & R. § 214(5). The same is true for *Bivens* actions. *Gonzalez v. Hasty*, 651 F.3d 318, 321 (2d Cir. 2011) (*Bivens*)

Plaintiff clearly has a problem with "CPS," which may stand for Child Protective Services, since she states in one of her Prayer for Relief section that she is requesting her "parental rights." (Compl. at 3). However, there is no indication that Hillary Clinton was ever or is involved with Child Protective Services. Plaintiff appears to allege "slander" by CPS. However, CPS is not a defendant, and there is no allegation that Hillary Clinton was involved in any slander against plaintiff.

Plaintiff states in conclusory terms that "hate crime" is a federal crime, committed by "certain individuals," who are prejudiced against religion and "freedom of life." (Compl. at 9). There is no indication that plaintiff was the victim of any hate crime or that Hillary Clinton was in any way involved. Plaintiff them claims "Domestic Terrorism," and states that "she stole my fund." (*Id.*) The court can only assume that plaintiff is referring to Hillary Clinton, but plaintiff does not explain how she was the victim of "Domestic Terrorism," nor does she explain the "fund" to which she refers or how the defendant might have stolen it. (*Id.*) Plaintiff's one or two-word references to Egyptian jewelry, safe home, jail, and prison are completely incomprehensible, and do not confer standing to bring any sort of federal action.

In addition, Fed. R. Civ. P. 8 requires a " 'short and plain statement' " of a claim, showing that 'the pleader is entitled to relief.' " *Whitfield v. Johnson*, No. 18-1331, —— F. App'x ——. 2019 WL 1178739, at *1 (2d Cir. Mar. 13, 2019) (quoting Fed. R. Civ. P. 8(a)). Each statement must be " 'simple, concise, and direct,' and must give 'fair notice of the claims asserted.' " *Id.* (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)). "A complaint may be dismissed under Rule 8 if it is 'so confused, ambiguous, or otherwise unintelligible that its true substance, if any, is well disguised.' " *Id.*

In this case, while plaintiff's complaint is certainly short, it is also completely unintelligible, and the court cannot even guess at its substance, if any. It is not even clear why plaintiff has named Hillary Clinton as the defendant, to what "hate crimes" she may be referring, why Egyptian jewelry would be relevant, or what "Black Fund and Black Eagle" mean in the context of the complaint. Thus, the complaint violates Rule 8, and is frivolous.

## IV. <u>Venue</u>

### A. Legal Standards

**\*4** The relevant venue provision in this case is 28 U.S.C. § 1391(b), which provides as follows:

> (b) A civil action may brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*Mikhaylov v. United States*, 29 F. Supp. 3d 260, 273 (E.D.N.Y. 2014) (*Bivens* action) (citing 28 U.S.C. § 1391(b)); *Smolen v.*

Rogers v. Clinton, Not Reported in Fed. Supp. (2019)

2019 WL 3469462

*Brauer*, 177 F. Supp. 3d 797, 801 (W.D.N.Y. 2016) (section 1983 action). When a case is filed in a district in which venue is improper, the court shall dismiss the case or, "if it be in the interest of justice, transfer such case to any district ... in which it could have been brought." 28 U.S.C. § 1406(a). Recently, the Second Circuit has held that the court may decline to transfer a case that would be "meritless" in the court that has jurisdiction. *Raymond Loubier Irrevocable Trust v. Loubier*, No. 18-1054, —— F. App'x ——, 2019 WL 1299708, at *1 (2d Cir. Mar. 20, 2019) (citations omitted).

### B. Application

Although plaintiff never states the defendant's address for venue purposes, it is likely that Hillary Clinton does not reside in the Northern District of New York, making venue improper. In any event, the complaint is so devoid of facts that would establish this court's jurisdiction over anything, transferring the case to any other district would not be in the interests of justice.

## V. Color of State or Federal Law

### A. Legal Standards

A claim alleging federal question jurisdiction may be dismissed for lack of subject matter jurisdiction if it is "immaterial and made solely for the purpose of obtaining jurisdiction or is 'wholly insubstantial and frivolous.' " *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 n.10 (2006) (citations omitted). In order to state a claim under section 1983, plaintiffs must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed "under color of state law." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). The law does ***not*** reach private conduct, no matter how "discriminatory or wrongful." *Id.* (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)). *See Sclafani v. Spitzer*, 734 F. Supp. 2d 288, 297 (E.D.N.Y. 2010) (citing *Brentwood Academy v. Tennessee*, 531 U.S. 288 (2001); *United States v. Morrison*, 529 U.S. 598, 691 (2000)).

The issue of whether a defendant acts under color of state law goes to a federal court's subject matter jurisdiction over a complaint. *Polk County v. Dodson*, 454 U.S. 312, 336 (1981). If the defendant does not act under color of state law, the federal court has no power to entertain a section 1983 complaint against her. *Id.* The same is true for a *Bivens* action. *Bivens* provides for a cause of action by a plaintiff for constitutional violations against federal officials in their individual capacities. 403 U.S. at 392-97. *See Eck v. Gallucci*, 321 F. Supp. 2d 368, 371 (D. Conn. 2004). " '*Bivens* claims are treated as analogous to claims under 42 U.S.C. § 1983 and incorporate the same law.' " *Hester Bey v. Ford*, No. 13-CV-4656, 2015 WL 4910570, at *4 (E.D.N.Y. June 8, 2015) (quoting *Garcia v. Watts*, No. 08-CV-7778 (JSR), 2009 WL 2777085, at n. 14 (S.D.N.Y. Sept. 1, 2009) (collecting cases)), (Rep't-Rec *adopted* 2015 WL 4910576 (E.D.N.Y. Aug. 13, 2015)).

### B. Application

**\*5** Plaintiff has brought this action on forms for both section 1983 claims and *Bivens*. Each of those relies upon federal question jurisdiction under 28 U.S.C. § 1331. *Clarkes v. Hughes*, No. 17-CV-961, 2018 WL 5634932, at *2 (E.D.N.Y. Oct. 30, 2018). Although pro se complaints must be read to raise the strongest arguments they suggest and are subject to less stringent standards than pleadings written by attorneys, pro se litigants must still establish subject matter jurisdiction. *Id.* (citations omitted).

In this case, plaintiff has named Hillary Clinton as a defendant. Plaintiff makes no allegation anywhere in the complaint that the defendant acted under color of state or federal law. In addition, while it is widely known that the defendant was married to a president of the United States, was a United States Senator, and was the Secretary of State under President Barack Obama, there is no indication that any alleged actions or omissions took place when the defendant held any of the above federal offices or that her alleged actions had any relationship to one of her federal positions. [6] Thus, there is no jurisdiction under either section 1983 or *Bivens*.

[6]      In fact, as stated above, there are no specific allegations that Hillary Clinton took any actions at all or was responsible for any omissions that affected this plaintiff.

The court must also note that there is no subject matter jurisdiction over state law claims. *Gonzalez v. United States*, No. 16-CV-1494, 2018 WL 1597384, at *15 (E.D.N.Y. Mar. 31, 2018). To the extent plaintiff "mentions" parental rights or slander, this court has no jurisdiction over such claims in this instance. *Clarkes v. Hughes*, 2018 WL 5634932, at *4 (if the court dismissed the federal claims for lack of subject matter jurisdiction, the court should decline to exercise supplemental jurisdiction over any state law claims).

Rogers v. Clinton, Not Reported in Fed. Supp. (2019)
Case 5:22-cv-00994-BKS-TWD   Document 5   Filed 10/04/22   Page 30 of 38
2019 WL 3469462

## VI. Opportunity to Amend

### A. Legal Standards

Generally, when the court dismisses a pro se complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once; however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993).

### B. Application

In this case, the court finds that the defects in this complaint would not be cured by allowing plaintiff to amend her complaint. There is simply no subject matter jurisdiction, and any amendment would not create subject matter jurisdiction over plaintiff's conclusory allegations against this defendant. However, because the court finds no subject matter jurisdiction, the court must recommend dismissing without prejudice, but without leave to amend. *See Koso v. Haegele*, No. 18-CV-4400, 2018 WL 6531496, at *3 (E.D.N.Y. Dec. 11, 2018) (dismissing without prejudice for lack of jurisdiction, but denying leave to amend); *Uzoefune v. American Auto Shield, LLC*, No. 18-CV-3441, 2018 WL 5624149, at *3 (E.D.N.Y. Oct. 30, 2018) (dismissing without prejudice for lack of subject matter jurisdiction, but denying the opportunity to amend because jurisdictional defect would not be cured by amendment).

**WHEREFORE**, based on the findings above it is

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 2) is **DENIED AS MOOT**, and it is

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 5) is **GRANTED FOR PURPOSES OF FILING ONLY**, and it is

**RECOMMENDED**, that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction, but without leave to amend as discussed above.

 **\*6**  Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

**All Citations**

Not Reported in Fed. Supp., 2019 WL 3469462

---

**End of Document**

© 2022 Thomson Reuters. No claim to original U.S. Government Works.

Allen v. Stringer, Not Reported in Fed. Rptr. (2021)

2021 WL 4472667

2021 WL 4472667
Only the Westlaw citation is currently available.
United States Court of Appeals, Second Circuit.

Doran ALLEN, Plaintiff-Appellant,

v.

Scott M. STRINGER, New York City Comptroller,
Warden AMKC-C-95, Defendants-Appellees.

20-3953
|
September 30, 2021

Appeal from a judgment of the United States District Court for the Southern District of New York (Stanton, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

**Attorneys and Law Firms**

FOR PLAINTIFF-APPELLANT: Doran Allen, pro se, Ossining NY.

FOR DEFENDANTS-APPELLEES: No appearance.

PRESENT: RICHARD C. WESLEY, RICHARD J. SULLIVAN, Circuit Judges, JOHN G. KOELTL, District Judge. *

\*     Judge John G. Koeltl of the United States District Court for the Southern District of New York, sitting by designation.

**SUMMARY ORDER**

Appellant Doran Allen, proceeding pro se, sued Scott M. Stringer, in his capacity as New York City Comptroller, and the unnamed warden of the Rikers Island Anna M. Kross Center ("AMKC") under 42 U.S.C. § 1983 for violations of the Due Process Clause of the Fourteenth Amendment. Allen alleges that, while he was detained at AMKC, a corrections officer refused to help him carry breakfast trays, causing him to slip and fall on broken stairs, injuring himself. The district court dismissed the complaint sua sponte for failure to state a claim. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court's sua sponte dismissal of a complaint under 28 U.S.C. § 1915(e)(2). *Zaleski v. Burns*, 606 F.3d 51, 52 (2d Cir. 2010). Under that statute, the district court must dismiss a complaint filed in forma pauperis if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (recognizing that "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a viable claim). Pro se submissions are reviewed with "special solicitude," and "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006) (internal quotation marks and emphasis omitted).

Conditions-of-confinement claims brought by pretrial detainees are analyzed under the Fourteenth Amendment's Due Process clause. *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). To state such a claim, a plaintiff must satisfy both an objective prong and a subjective prong. *See id.* The objective prong requires "showing that the challenged conditions were sufficiently serious to constitute objective deprivations of the right to due process," while the subjective prong requires "showing that [an] officer acted with at least deliberate indifference to the challenged conditions." *Id.* (internal quotation marks omitted). If a conditions-of-confinement claim is predicated on an unsafe condition, a court will analyze "whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk." *Helling v. McKinney*, 509 U.S. 25, 36 (1993).

Allen alleges that he slipped or tripped on broken stairs, causing him to fall. But while the existence of broken stairs could be deemed to constitute negligence on the part of the prison, broken stairs alone cannot satisfy the objective prong of a conditions-of-confinement claim. *See McCray v. Lee*, 963 F.3d 110, 120 (2d Cir. 2020) (explaining that the defendant's complaint alleging unconstitutional conditions of

Case 5:22-cv-00994-BKS-TWD    Document 5    Filed 10/04/22    Page 32 of 38

Allen v. Stringer, Not Reported in Fed. Rptr. (2021)

2021 WL 4472667

confinement after a slip and fall in an icy prison yard did not show "exceptional circumstances" that would "elevate" the conditions "beyond the typical level of danger presented by a slippery sidewalk or a wet floor"). Because broken stairs cannot be considered a risk that is "so grave that it violates contemporary standards of decency," Allen's conditions-of-confinement claim was properly dismissed. *Helling*, 509 U.S. at 36.

**\*2** But even if it could be argued that Allen alleged an objectively serious condition, the district court properly dismissed Allen's claims against Stringer and the AMKC warden due to the obvious deficiencies in Allen's complaint. As the district court concluded, the suit against the warden in his official capacity was more properly a suit against the City of New York because Allen did not allege that the warden personally had done or failed to do anything that violated his rights. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("Suits against state officials in their official capacity... should be treated as suits against the State."). Similarly, Stringer, as the New York City Comptroller, is sued in his official capacity. Allen was therefore obligated to allege sufficient facts showing that the Fourteenth Amendment violation occurred "pursuant to a municipal policy or custom," *Patterson v. Cnty. of Oneida*, 375 F.3d 206, 226 (2d Cir. 2004) (citing, inter alia, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692–94 (1978)), or was caused by a "failure to train," *Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006) (citing *Monell*, 436 U.S. at 694). Allen did not allege any facts showing that the corrections officer acted pursuant to an unconstitutional policy or custom, or that the City of New York failed to train its corrections officers, as required for such a claim.

The district court also did not abuse its discretion by declining to exercise supplemental jurisdiction over any state-law claims because the district court properly dismissed Allen's § 1983 claim, the only claim over which it had original jurisdiction. *See Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("[A] district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction." (internal quotation marks omitted)).

Finally, the district court did not err by denying Allen leave to amend his complaint. A district court should not dismiss a pro se plaintiff's complaint without granting leave to amend "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks omitted). As discussed above, the incident involving the corrections officer and the broken steps did not amount to a due process violation, and that deficiency in the complaint cannot not be cured. Accordingly, amendment would have been futile.

We have considered all of Allen's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

**All Citations**

Not Reported in Fed. Rptr., 2021 WL 4472667

---

**End of Document**                    © 2022 Thomson Reuters. No claim to original U.S. Government Works.

828 Fed.Appx. 784
This case was not selected for
publication in West's Federal Reporter.
RULINGS BY SUMMARY ORDER DO NOT HAVE
PRECEDENTIAL EFFECT. CITATION TO A
SUMMARY ORDER FILED ON OR AFTER JANUARY
1, 2007, IS PERMITTED AND IS GOVERNED BY
FEDERAL RULE OF APPELLATE PROCEDURE 32.1
AND THIS COURT'S LOCAL RULE 32.1.1. WHEN
CITING A SUMMARY ORDER IN A DOCUMENT
FILED WITH THIS COURT, A PARTY MUST
CITE EITHER THE FEDERAL APPENDIX OR AN
ELECTRONIC DATABASE (WITH THE NOTATION
"SUMMARY ORDER"). A PARTY CITING A
SUMMARY ORDER MUST SERVE A COPY OF IT ON
ANY PARTY NOT REPRESENTED BY COUNSEL.
United States Court of Appeals, Second Circuit.

Wycliffe H. O'DONOGHUE, Plaintiff-Appellant,

v.

UNITED STATES SOCIAL SECURITY
ADMINISTRATION, Center for Medicare &
Medicaid Services, CMS, Hansen Reynolds LLC,
Attorney John Shanahan, Defendants-Appellees.

19-1426
|
October 5, 2020

**Synopsis**
**Background:** Plaintiff, proceeding pro se, brought civil
rights action against the Social Security Administration, the
Center for Medicare and Medicaid Services, a law firm,
and an attorney, alleging that they violated his constitutional
rights by negligently or intentionally misidentifying him. The
United States District Court for the Eastern District of New
York, Eric N. Vitaliano, Senior District Judge, dismissed, and
plaintiff appealed.

**Holdings:** The Court of Appeals held that:

[1] allegations against law firm and attorney failed to state a
claim for a civil rights violation;

[2] allegations against law firm and attorney failed to state a
claim for a civil rights violation under *Bivens*; and

[3] allegations against federal agencies failed to state a claim
for a civil rights violation.

Affirmed.

**Procedural Posture(s):** Review of Administrative Decision;
On Appeal.

West Headnotes (6)

[1]    **Civil Rights** ⬥ Attorneys and witnesses

Allegation that law firm and one of its
attorneys violated plaintiff's constitutional rights
by negligently or intentionally misidentifying
him failed to state a claim for a civil rights
violation; since firm and its attorney were
serving as defense counsel in a personal injury
suit between private parties, they were not acting
under color of state law. 42 U.S.C.A. § 1983.

8 Cases that cite this headnote

[2]    **United States** ⬥ In general; color of law

Allegation that law firm and one of its
attorneys violated plaintiff's constitutional rights
by negligently or intentionally misidentifying
him failed to state a claim for a civil rights
violation pursuant to *Bivens*; since firm and its
attorney were serving as defense counsel in a
personal injury suit between private parties, they
were not acting as federal agents under color of
federal authority.

[3]    **Federal Courts** ⬥ Questions Considered

Court of Appeals, on appeal of civil rights action
alleging that plaintiff's constitutional rights were
violated by defendants' negligent or intentional
misidentification of him, would decline to
address argument that plaintiff failed to make a
prima facie showing of personal jurisdiction over
defendants; plaintiff's allegations were lacking
on the merits.

2 Cases that cite this headnote

**[4]**    **United States**  👉  **In general; individual or official capacity**

Allegation that Social Security Administration and the Center for Medicare and Medicaid Services violated plaintiff's constitutional rights by negligently or intentionally misidentifying him failed to state a claim for a civil rights violation; as federal entities, those defendants could not be liable under the civil rights statute or under *Bivens*. 42 U.S.C.A. § 1983.

1 Cases that cite this headnote

**[5]**    **United States**  👉  **Particular Rights, Acts, and Claims**

No *Bivens* claim would lie in lawsuit naming individual employees of Social Security Administration or the Center for Medicare and Medicaid Services as defendants based on allegation that their agencies violated plaintiff's civil rights by negligently or intentionally misidentifying him; complaint described a bureaucratic error, not intentional misconduct.

**[6]**    **Social Security**  👉  **Decisions Reviewable**

**Social Security**  👉  **Exhaustion of other remedies**

Social Security Act did not provide an avenue for review of complaint alleging that Social Security Administration violated plaintiff's constitutional rights by negligently or intentionally misidentifying him; complaint did not allege that plaintiff exhausted his administrative remedies under the Social Security Act, and in any event, plaintiff's brief and complaint made clear that he was not seeking review of a final decision regarding his disability benefits, but was seeking money damages for alleged constitutional violations in connection with the agency's mistake as to his identity. Social Security Act § 205, 42 U.S.C.A. §§ 405(a), 405(g).

2 Cases that cite this headnote

**\*786**  Appeal from a judgment of the United States District Court for the Eastern District of New York (Vitaliano, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is **AFFIRMED**.

**Attorneys and Law Firms**

FOR PLAINTIFF-APPELLANT: Wycliffe H. O'Donoghue, pro se, Brooklyn, NY.

FOR DEFENDANTS-APPELLEES: Varuni Nelson, Arthur Swerdloff, Candace Scott Appleton, Assistant United States Attorneys, of Counsel, for Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, NY (for the United States Social Security Administration and Centers for Medicare and Medicaid Services, CMS). Jonathan B. Nelson, Esq., Dorf & Nelson LLP, Rye, NY (for Hansen Reynolds LLC and John Shanahan).

PRESENT: GUIDO CALABRESI, ROBERT A. KATZMANN, SUSAN L. CARNEY, Circuit Judges.

## SUMMARY ORDER

Appellant Wycliffe H. O'Donoghue, pro se, sued the United States Social Security Administration ("SSA"), the Centers for Medicare and Medicaid Services ("CMS"), the law firm Hansen Reynolds LLC, and one of its attorneys, John Shanahan.

It is not disputed that Mr. O'Donoghue was the victim of mistaken identity: Mr. O'Donoghue, who was born in the South American nation of Guyana, has the same name and birthday as another person named Wycliffe O'Donoghue, who was born in the African nation of Guinea. When the latter passed away, the SSA mistakenly recorded the death as associated with the social security number assigned to Mr. O'Donoghue, the appellant here. Upon learning of the mistake in 2006, Mr. O'Donoghue visited several Social Security offices but was unable to resolve the issue. In 2015, he was involved in a car accident in Florida, which led to a lawsuit in Florida state court. Hansen Reynolds represented the defendants in that action, and Mr. O'Donoghue alleged that Shanahan—an attorney with the firm—argued that Mr. O'Donoghue's case should be dismissed because Social Security records indicated that the

person with Mr. O'Donoghue's social security number was dead. That suit ultimately settled. Mr. O'Donoghue filed this lawsuit in Brooklyn federal court, asserting causes of action under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), and alleging that the defendants violated his constitutional rights by negligently or intentionally misidentifying him. The district court (Vitaliano, J.) granted the defendants' motions to dismiss, and this appeal followed. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal. [1]

[1]    The SSA now appears to have corrected the mistakes in Mr. O'Donoghue's records, in large part due to the commendable efforts of Magistrate Judge Lois Bloom, who held a special conference to ensure that the errors were appropriately rectified and that Mr. O'Donoghue received confirmatory documentation to that effect.

We review the grant of a Rule 12(b)(6) motion to dismiss *de novo*, accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor. *Fink v. Time Warner Cable*, 714 F.3d 739, 740–41 (2d Cir. 2013).

**\*787** The grant of a Rule 12(b)(1) motion is reviewed *de novo* as to legal conclusions and for clear error as to factual findings. *SM Kids, LLC v. Google LLC*, 963 F.3d 206, 210 (2d Cir. 2020).

[1]    [2]    [3]    The district court correctly held that Mr. O'Donoghue failed to state a § 1983 or *Bivens* claim against Hansen Reynolds and Shanahan. "To state a claim under § 1983, a plaintiff must allege that defendants violated plaintiff's federal rights while acting under color of state law." *McGugan v. Aldana-Bernier*, 752 F.3d 224, 229 (2d Cir. 2014). [2] And to state a *Bivens* claim, a plaintiff "must allege that he has been deprived of a constitutional right by a federal agent acting under color of federal authority" and "must allege that the individual defendant was personally involved in the constitutional violation." *Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006). Private attorneys are generally not "state actors" for purposes of § 1983. *See, e.g.*, *Rodriguez v. Weprin*, 116 F.3d 62, 65–66 (2d Cir. 1997) ("[I]t is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act under color of state law and therefore are not subject to suit under 42 U.S.C. § 1983."). The same logic precludes a finding that private attorneys are federal agents for purposes

of a *Bivens* claim. Mr. O'Donoghue alleges that Hansen Reynolds and Shanahan served as defense counsel in a personal injury suit between private parties. Those allegations do not establish that either the law firm or the attorney was a state or federal actor for purposes of § 1983 or *Bivens*. [3]

[2]    Unless otherwise indicated, in quoting cases, we omit all internal citations, quotation marks, footnotes, and alterations.

[3]    We acknowledge that Hansen Reynolds and Shanahan argue, and the district court held, that Mr. O'Donoghue failed to make a *prima facie* showing of personal jurisdiction over them. We decline to address the issue because we find the allegations lacking on the merits. *See Chevron Corp. v. Naranjo*, 667 F.3d 232, 246 n.17 (2d Cir. 2012) ("[I]n cases such as this one with multiple defendants—over some of whom the court indisputably has personal jurisdiction—in which all defendants collectively challenge the legal sufficiency of the plaintiff's cause of action, we may address first the facial challenge to the underlying cause of action and, if we dismiss the claim in its entirety, decline to address the personal jurisdictional claims made by some defendants.").

[4]    [5]    We also agree with the district court that Mr. O'Donoghue did not state a claim against SSA and CMS. As federal entities, SSA and CMS cannot be liable under § 1983. *See, e.g.*, *Dotson v. Griesa*, 398 F.3d 156, 162 (2d Cir. 2005) ("[Section 1983] appl[ies] only to state actors, not federal officials."). They also cannot be held liable under *Bivens*. *See FDIC v. Meyer*, 510 U.S. 471, 483–86, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994). And if Mr. O'Donoghue were to amend his complaint to name individual federal employees (as opposed to agencies), we agree with the district court that no *Bivens* claim would lie. The Supreme Court has recognized a *Bivens* remedy in limited circumstances, none of which applies here, and has deemed the expansion of the *Bivens* remedy to new contexts a "disfavored judicial activity." *Ziglar v. Abbasi*, ––– U.S. ––––, 137 S. Ct. 1843, 1857, 198 L.Ed.2d 290 (2017). Mr. O'Donoghue alleges—and we accept as true—that the SSA's error caused him great anguish and emotional distress. Nevertheless, Mr. O'Donoghue's complaint describes a bureaucratic error, not intentional misconduct, and administrative negligence does not merit an expansion of the *Bivens* remedy.

 **[6]**    Finally, Mr. O'Donoghue argues that the Court can review his constitutional **\*788** claims because SSA has denied his application for Social Security benefits. The Social Security Act permits judicial review of a "final decision of the Commissioner of Social Security made after a hearing," 42 U.S.C. § 405(g), and authorizes the Commissioner of Social Security to set out the requirements for exhaustion, 42 U.S.C. § 405(a). The administrative exhaustion process includes (1) an initial determination of benefits; (2) reconsideration; (3) a hearing before an ALJ; and (4) review by the Appeals Council. 20 C.F.R. Part 404, subpart J (disability); 20 C.F.R. Part 416, subpart N (Supplemental Security Income). A claimant may next seek review in district court. *Smith v. Berryhill,* — U.S. —, 139 S. Ct. 1765, 1772, 204 L.Ed.2d 62 (2019). The complaint does not allege that Mr. O'Donoghue exhausted his administrative remedies, and Mr. O'Donoghue does not argue otherwise on appeal. And, in any event, Mr. O'Donoghue's brief and complaint make clear that he is not seeking review of a "final decision" regarding his disability benefits; rather, he seeks money damages for alleged constitutional violations in connection with SSA's mistake as to his identity. The Social Security Act provides no avenue for review of such a claim.

We have considered Mr. O'Donoghue's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

### All Citations

828 Fed.Appx. 784

---

**End of Document**

© 2022 Thomson Reuters. No claim to original U.S. Government Works.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
**MEGAN ROGERS,**

|  |  |  |
|---|---|---|
| | **Plaintiff,** | **5:21-cv-176** |
| | | **(GLS/TWD)** |
| **v.** | | |
| **PFIZER et al.,** | | |
| | **Defendants.** | |

**APPEARANCES:**                    **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Megan Rogers
*Pro Se*
229 Duane Street
Syracuse, NY 13207

**Gary L. Sharpe**
**Senior District Judge**

## ORDER

The above-captioned matter comes to this court following an Order and Report-Recommendation (R&R) by Magistrate Judge Thérèse Wiley Dancks, duly filed June 9, 2021. (Dkt. No. 14.) Following fourteen days from the service thereof, the Clerk has sent the file, including any and all objections filed by the parties herein.

Plaintiff *pro se* Megan Rogers filed a document in response to the R&R. (Dkt. No. 15.) But that document, much like the amended complaint, is not cogent, and it makes no specific objection to the R&R. The court has

reviewed the R&R for clear error, see *Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484, 2006 WL 149049, at \*5-6 (N.D.N.Y. Jan. 18, 2006), and finds none.  Accordingly, it is hereby

**ORDERED** that the Order and Report-Recommendation (Dkt. No. 14) is **ADOPTED** in its entirety; and it is further

**ORDERED** that plaintiff's amended  complaint (Dkt. No. 13) is **DISMISSED**; and it is further

**ORDERED** that the clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Order to plaintiff in accordance with the Local Rules of Practice.

**IT IS SO ORDERED.**

July 14, 2021
Albany, New York

Gary L. Sharpe
U.S. District Judge

2