UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MEGAN A. ROGERS,

                              Plaintiff,                    5:22-cv-994 (BKS/TWD)

v.

RYAN MCMAHON, et al.,

                              Defendants.
_____

**Appearance:**

*Plaintiff pro se:*
Megan A. Rogers
Syracuse, New York

**Hon. Brenda K. Sannes, Chief United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

Plaintiff pro se Megan Rogers brought this action on September 21, 2022, against Defendants Ryan McMahon, in his capacity as the Onondaga County Executive and in connection with his involvement in city planning, and Defendant Onondaga County Aquarium. (Dkt. No. 1). Plaintiff asserts claims under: (1) *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971); (2) 42 U.S.C. § 1983; and (3) the Age Discrimination in Employment Act, 29 U.S.C. § 626(c)(1). (*Id.*). This case was referred to United States Magistrate Judge Thérèse Wiley Dancks, who, on October 4, 2022, issued an Order and Report-Recommendation granting Plaintiff's application to proceed *in forma pauperis*, denying Plaintiff's motion for appointment of counsel, and recommending that Plaintiff's Complaint be dismissed with leave to amend. (Dkt. No. 5, at 8–9). Magistrate Judge Dancks noted that Plaintiff's Complaint is comprised of form complaints: the first form

complaint is for a "*Bivens* Action"; the second form complaint is for a "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983"; and the third form complaint is for a "Complaint for Employment Discrimination Based Upon Age." (Dkt. No. 5, at 7; *see* Dkt. No. 1, at 1, 4, 6). Magistrate Judge Dancks found that Plaintiff failed to provide "sufficient factual content," or even the "basic details" indicating "who did what to her, w[]hy they did it, and how she was injured." (Dkt. No. 5, at 6). Magistrate Judge Dancks further noted that: (1) the *Bivens* claim is frivolous as Plaintiff advances no claim that any Defendant is a federal actor or that she was deprived of her federal or constitutional rights, (*id.* at 7); (2) the Section 1983 form complaint "advances no factual allegations, and names no causes of action" and is "frivolous" as Plaintiff advances no allegations that any Defendant "deprived her of federal or constitutional rights while acting under color of state . . . authority," (*id.* at 7–8); and (3) that the ADEA form complaint "advances no specific or enumerated causes of action" and alleges instead that Defendant McMahon and Defendant Onondaga County Aquarium were engaged in, inter alia, stealing bonds, (*id.* at 7). Finally, as this is "the sixth action Plaintiff has filed with this Court in recent years;" Plaintiff's prior five actions have been dismissed, two on the ground that they were frivolous; and Plaintiff has been warned that "her unwarranted litigiousness is bordering on vexatiousness" and that continued meritless submissions may result in the issuance of an order "to show cause as to why the Court should not issue an order barring . . . future filings without prior leave of the Court,"[1] Magistrate Judge Dancks recommended that the "Court consider imposing a bar Order under 28 U.S.C. § 1551(a)." (*Id.* at 2–3, 8). Magistrate Judge Dancks advised Plaintiff that, under 28 U.S.C. § 636(b)(1), she had fourteen days within which to file written objections to the Report-

---

[1] *See Rogers v. Benedict, et al.*, Case No. 5:22-cv-801 (MAD/TWD) (N.D.N.Y. 2022); *Rogers v. U.S. Dep't of the Treasury*, No. 5:21-cv-1351, (N.D.N.Y. 2021); *Rogers v. Pfizer et al.*, Case No. 5:21-cv-176 (GLS/TWD) (N.D.N.Y. 2021); *Rogers v. CPS*, No. 5:20-cv-0075 (LEK/ATB) (N.D.N.Y. 2020); *Rogers v. Clinton*, No. 5:19-cv-175 (LEK/ATB) (N.D.N.Y. 2019).

Recommendation, and that failure to object within fourteen days would preclude appellate review. (*Id.* at 9). Plaintiff did not file an objection to the Report-Recommendation.

As no objection to the Report-Recommendation has been filed, and the time for filing objections has expired, the Court reviews the Report-Recommendation for clear error. *See Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment. Having reviewed the Report-Recommendation for clear error and found none, the Court adopts the Report-Recommendation in its entirety.

Further, the Court has, in accordance with Magistrate Judge Dancks' recommendation, considered whether to impose an order enjoining Plaintiff from filing any future pleadings or documents without prior permission from the Court. It is well settled that "[a] district court may, in its discretion, impose sanctions against litigants who abuse the judicial process." *Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996) (citation omitted). Where a litigant persists in the filing of vexatious and frivolous suits, it may be appropriate to place certain limitations on the litigant's future access to the courts. *See Hon Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) (citing *Iwachiw v. New York State Dep't of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005)). However, in recognition of Plaintiff's status as a pro se litigant and because the Complaint is being dismissed with leave to replead, the Court reserve decision pending the filing of any amended complaint on whether to issue an order to show cause why an order should not be issued enjoining Plaintiff from filing any future pleadings or documents without the prior permission of the Court.

For these reasons, it is hereby

**ORDERED** that Magistrate Judge Dancks's Report-Recommendation (Dkt. No. 5) is **ADOPTED**; and it is further

**ORDERED** that Plaintiff's Complaint is **DISMISSED** without prejudice, with leave to file an amended complaint; and it is further

**ORDERED** that any amended complaint must be filed **within thirty (30) days** of the date of this Order. Any amended complaint must be a complete pleading which will replace the current complaint in total; and it is further

**ORDERED** that if Plaintiff files a timely amended complaint, it shall be referred to Magistrate Judge Dancks for review; and if Plaintiff fails to file a timely amended complaint, the Clerk is directed to close this case; and it is further

**ORDERED** that the Clerk serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 27, 2022
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge